NANNIE V. NORTHERN *et al.*, Respondents, v. W. P. HAWKINS, Appellant.

### St. Louis Court of Appeals, January 29, 1895.

**Bills of Exchange:** NOTICE OF DISHONOR. A co-drawer as well as an indorser is entitled to notice of the dishonor of a bill of exchange.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Jos. Tapley* for appellant.

*George Robertson* for respondents.

ROMBAUER, P. J.—The condition of the record in this case makes it essential to state briefly the uncontroverted facts shown upon the trial, as the only complaint made upon this appeal is that the judgment for plaintiffs was unwarranted by the evidence. The facts thus shown are as follows:

The plaintiffs are hotel keepers in the city of Mexico. The defendant, who is the manager of the McCormick Live Stock Company, was a guest at the hotel in August, 1892, being in charge of some stock exhibited at the fair of the Audrain County Agricultural and Mechanical Society. That society delivered to the defendant a premium order for stock exhibited, which order was of the following tenor:

"MEXICO, Mo., August 5th, 1892.

"*C. F. Clark, Treasurer of Audrain County A. & M. Society.*

"Pay to McCormick L. S. Co., or order, one hundred and twenty dollars on account of premiums, programme No.'s 2 M. 92.

"A. GLANDON, Secretary.

(Countersigned) "C. F. Clark, Treasurer."

Northern v. Hawkins.

The society kept an account at the Southern Bank in said city, and had an arrangement with that bank that all orders drawn by it upon its treasurer, and countersigned by him, should be honored by the bank as its checks. The society had standing balances in this bank on all the days from August 5 to August 9, 1892, varying between $461.48 and $5,270, and it was undisputed that, if the order had been presented at the bank on any of these days, it would have been paid. The defendant went to the bank August 5th after the close of banking hours with this order, and, finding the bank closed, returned to the hotel. Being anxious to leave that evening, he requested the manager of the hotel to cash the order for him. The defendant at the same time wrote his name on the back of the order, stating that that would make it as good as gold. The manager cashed the order, and the defendant left on the evening train. The order was not presented at the bank by the plaintiffs or any one on their behalf until after August 9, 1892, and, when presented, the society had no funds at the bank, nor had it any funds thereafter, and shortly thereafter it became wholly insolvent. The defendant was not notified of the nonpayment of the order until some months thereafter, and there was uncontradicted evidence tending to show that, had he been notified, he could have collected the amount from the agricultural society.

The present action was instituted before a justice of the peace, the plaintiff's statement consisting of two counts, one upon the order, and the other for money had and received. An amended statement was subsequently filed, containing a count for money had and received. Whether the action was tried on this count alone, or on both counts, is not quite clear, because the bill of exceptions starts out with a recital, that

"plaintiffs introduce *the note sued on in evidence,*" and then sets out the above order as such note, and also contains a further recital, that "*the defendant objects to both counts of the petition.*" However that may be, we can not see how the judgment can be supported under the evidence in either view.

If the suit is to be treated as one upon the order, the judgment must fail, because it does not appear that the order was presented within due time by the plaintiffs, or that the defendant was duly notified of its dishonor, and it affirmatively appears beyond controversy that the order would have been paid upon due presentation. The plaintiff's counsel seems to take the view that the defendant occupies the position of a *maker* on this paper, and as such was not entitled to notice. There is no such thing as a maker of a bill of exchange, and whether the defendant be treated as a co-drawer or as an indorser, he was in either event entitled to notice of the dishonor of the bill.

On the other hand treating the action as one for money had and received, the same insuperable objection presents itself. The foundation of such an action is that the defendant has received some money, which equitably belongs to the plaintiff and should be returned to him. But how can we say that this money equitably belongs to the plaintiffs and should be returned to them, when it conclusively appears that that they parted with it in purchasing an order, which was equivalent in value to the amount of the purchase money at the time of the purchase, and the value whereof was lost to them by their own negligence. Moreover, it also conclusively appears that this order is still in the possession of the plaintiffs, and that they have never surrendered it to the defendant, which, of itself, is fatal to their right of recovery. We must,

therefore, conclude that the judgment is unsupported by any theory of the evidence, and must be reversed.

Judgment reversed and cause remanded. All concur.